BOWEN, Presiding Judge.
The defendant was indicted and convicted for grand larceny and burglary in the second degree. Sentence was ten years’ imprisonment. Two issues are presented on appeal.
The defendant alleges that the indictment should be dismissed because he pled guilty to a federal offense partially in exchange for an agreement that he would not be prosecuted on any pending state offense.
The facts, reduced to their simplest terms, show that the defendant’s attorney asked an assistant district attorney if the district attorney’s office would be willing to dismiss any pending cases against the defendant if the defendant accepted a federal plea bargain agreement and pled guilty to federal drug charges. When the assistant district attorney told defense counsel that he had no pending cases against the defendant (Ronald) and that if the defendant pled guilty in federal court the State would not prosecute him on any pending charge, the assistant was actually referring to the defendant’s brother, Robert.
There is not even a hint of bad faith or misrepresentation in this case. As all of the conversations between the prosecutor and the defendant’s attorney were very informal, it is easy to see how the mistake was made.
The trial judge found that there was no “meeting of the minds” and consequently no agreement. Additionally, the judge noted that, even if there had been an agreement, the defendant’s remedy was for the federal court to set aside the federal guilty plea.
On appeal the Attorney General argues: “It is therefore clear from the facts of this case that there was never any ‘meeting of the minds’, but rather a unilateral mistake by one of the parties and thus under the principles of contract law there was no agreement between” defense counsel and the assistant district attorney. The entire state of facts is best summarized in the answer of the assistant district attorney: “He (defense counsel) might have been talking to me about Ronald, but I was talking to him about Bobby.”
Generally, “(a) mistake of only one of the parties to a contract in the expression of his agreement or as to the subject matter does not affect its binding force, and ordinarily affords no ground for its *896 avoidance, or for relief, even in equity.” 17 C.J.S. Contracts Section 143 (1963).
“While it is true that Alabama recognizes an equitable exception to the general rule that a unilateral error does not avoid a contract, where excessive hardships flow to the party responsible for an error, nevertheless, recission based on such a mistake may be had only where no prejudice results to the other party. Ex parte Perusini Const. Co., 1942, 242 Ala. 632, 7 So.2d 576, 578.”
Crenshaw County Hosp. Bd. v. St. Paul Fire & Marine Ins. Co., 411 F.2d 213, 215 (5th Cir.1969).
In Ex parte Yarber, 437 So.2d 1330 (Ala. 1983), our supreme court recognized that, although principles of contract law may provide a useful analytical framework, “contract law cannot be rigidly applied in deciding whether to enforce a broken plea agreement.”
The letter and spirit of Yarber dictate (1) that there was a plea agreement in this case and (2) that the State must honor it.
In Yarber, the supreme court noted that “the prevalent custom in Alabama is that such (plea) agreements are verbal understandings between the attorneys involved.” To allow the State to dishonor an agreement on the ground that the prosecutor entered into the agreement under a mistake of fact serves only to weaken the plea negotiating system. Yarber.
Fundamental fairness and due process of law dictate that the State should be es-topped from prosecuting the defendant on any charge that was pending at the time of the events here in question. Since the defendant’s motion to dismiss the indictment was due to be granted, the judgment of the circuit court is reversed and the cause is remanded for action by the court consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.