455 So.2d 896 (1984)
Ex parte State of Alabama.
(re Ronald S. CONGO v. STATE of Alabama).
82-1000.
Supreme Court of Alabama.
June 8, 1984.
Charles A. Graddick, Atty. Gen., and Gerrilyn V. Grant, Asst. Atty. Gen., for petitioner.
David L. Thomas, Huntsville, for respondent.
BEATTY, Justice.
This Court granted certiorari to determine whether the Court of Criminal Appeals, 455 So.2d 894, had correctly applied the principles of Ex parte Yarber, 437 So.2d 1330 (Ala.1983), to the facts in this case. We reverse and remand.
*897 Under Ex parte Yarber, supra, a defendant who has negotiated a plea bargain with the State is not automatically entitled to a judgment based upon that agreement. He does have the right to have it submitted to the trial court for that court's consideration. The trial court is not bound to accept the agreement. The power of the trial court to so decide carries with it the power to determine whether or not such an agreement exists between the State and the defendant.
In this case, the trial court found that no agreement existed. Nevertheless, the Court of Criminal Appeals held that "the letter and spirit of Yarber dictate (1) that there was a plea agreement ... and (2) that the State must honor it." It appears that the Court of Criminal Appeals was persuaded by the mistaken identity of the person who was the subject of the agreement to apply the doctrine of estoppel to the State, because that court stated: "Fundamental fairness and due process of law dictate that the State should be estopped from prosecuting the defendant."
This Court does not reject the applicability of the doctrine of estoppel in a proper case; however, its application in this case was erroneous. The alleged agreement here was informal and unwritten. Yarber recognizes the custom that produces such unwritten plea bargains, but also acknowledges that such agreements may be written as well as oral. While the informal and unwritten negotiations do not lose their vitality if it is proved that they ripen into an agreement, that very informality increases the risk that such negotiations will be found not to have resulted in an agreement.
In this case, the trial court found that no agreement resulted. Under the facts of this case, we conclude that such a finding was not error. The decision of the Court of Criminal Appeals finding an enforceable plea bargain was, therefore, error. Accordingly, we must reverse the decision of that court and remand this case to that court for an order not inconsistent with this opinion. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and SHORES, JJ., concur.
FAULKNER, JONES, EMBRY and ADAMS, JJ., dissent.
ADAMS, Justice (dissenting).
By dissenting, I do not disagree with the majority's enunciation of what the decision in Ex parte Yarber, 437 So.2d 1330 (Ala. 1983), means. In Yarber, there was no dispute that there was an agreement between the defendant and the district attorney. The district attorney repudiated the agreement and the trial judge proceeded with the trial of the case without considering whether he should accept or reject it. Until we decided Yarber, if either side backed out of an agreement, the trial court's only recourse was to try the case.
Since Yarber, if the prosecution and defense have reached an agreement, such agreement must be submitted to the trial judge, and, at that time, the prosecution can inform the court why such an agreement is not in the best interest of the state (e.g., mistake, newly discovered evidence, etc.). Then the trial judge can determine if the agreement is a just and fair one. In the final analysis, it is the trial judge that must make the decision. Yarber does not mean that where there has been an agreement (some would prefer to say contract) that is the end of the matter. It is this implication of the Court of Criminal Appeals' opinion that I disagree with.
Likewise, if there is a dispute as to whether there is an agreement, it is up to the trial judge to determine if an agreement was made. And if he determines that there has been an agreement, he then must decide if he will honor it.
However, I dissent from this court's reversal of the Court of Criminal Appeals, because I do not believe that Yarber fits the facts in this case. This is a stronger case than Yarber. Here, the defendant pled guilty in federal court because the district attorney had said that if he did so, he would not prosecute the state charges against him. As a result of such a statement, *898 which is uncontroverted, the defendant has served more than 15 months on a federal sentence. The principles set forth in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), govern this case. There it was said that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262, 92 S.Ct. at 499. The district attorney said that when he made the statement that he would not prosecute Congo, he thought he was talking about Congo's brother. The fact situation here is identical to the fact situation in Santobello, and for this reason, I would deny the writ. Although the Court of Criminal Appeals' decision is wrong in its interpretation of the meaning of Yarber, it is right insofar as the principles involved in Santobello are concerned. A court should not be reversed if it reaches the right result, even though it assigns the wrong reasons.
FAULKNER, JONES and EMBRY, JJ., concur.