This Court granted certiorari to determine whether the Court of Criminal Appeals, 455 So.2d 894, had correctly applied the principles of Ex parte Yarber, 437 So.2d 1330 (Ala. 1983), to the facts in this case. We reverse and remand. *Page 897 
Under Ex parte Yarber, supra, a defendant who has negotiated a plea bargain with the State is not automatically entitled to a judgment based upon that agreement. He does have the right to have it submitted to the trial court for that court's consideration. The trial court is not bound to accept the agreement. The power of the trial court to so decide carries with it the power to determine whether or not such an agreement exists between the State and the defendant.
In this case, the trial court found that no agreement existed. Nevertheless, the Court of Criminal Appeals held that "the letter and spirit of Yarber dictate (1) that there was a plea agreement . . . and (2) that the State must honor it." It appears that the Court of Criminal Appeals was persuaded by the mistaken identity of the person who was the subject of the agreement to apply the doctrine of estoppel to the State, because that court stated: "Fundamental fairness and due process of law dictate that the State should be estopped from prosecuting the defendant."
This Court does not reject the applicability of the doctrine of estoppel in a proper case; however, its application in this case was erroneous. The alleged agreement here was informal and unwritten. Yarber recognizes the custom that produces such unwritten plea bargains, but also acknowledges that such agreements may be written as well as oral. While the informal and unwritten negotiations do not lose their vitality if it is proved that they ripen into an agreement, that very informality increases the risk that such negotiations will be found not to have resulted in an agreement.
In this case, the trial court found that no agreement resulted. Under the facts of this case, we conclude that such a finding was not error. The decision of the Court of Criminal Appeals finding an enforceable plea bargain was, therefore, error. Accordingly, we must reverse the decision of that court and remand this case to that court for an order not inconsistent with this opinion. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and SHORES, JJ., concur.
FAULKNER, JONES, EMBRY and ADAMS, JJ., dissent.