TYSON, Judge.
Betty Burgess Defore Smith was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found her “guilty as charged in the indictment” and, after a sentencing hearing, she was sentenced to life imprisonment pursuant to the Alabama Habitual Felony Offender Act.
Appellant does not challenge the weight and sufficiency of the evidence, thus a recitation of the facts involved in this case is unnecessary.
I
Appellant contends that the trial court committed reversible error in denying her motion to compel the State to comply with an alleged plea bargain agreement.
Prior to trial of this case the court heard argument on this motion. Appellant’s counsel argued to the court that, at the time this alleged agreement was made, the appellant had three cases pending before the Jefferson Circuit Court, Birmingham Division. He stated that he talked with appellant, her counsel on the pending Birmingham cases, and one Tommy Tucker, a deputy district attorney in the Bessemer Division. He alleges Tucker stated to him and to appellant’s counsel in the pending Birmingham cases that Tucker would reduce the charge in this case from robbery in the first degree, and recommend a 20 year sentence if appellant would plead guilty to the three cases pending in Jefferson Circuit Court. Tucker was further going to recommend that the 20 year sentence in this case would run concurrently with the five year sentence which the appellant would receive for pleading guilty to the other charges. Appellant’s counsel in this case argues that the appellant relied on this fact in pleading guilty to the other charges and that the State would not honor *1336 the agreement to reduce this robbery in the first degree charge.
The record further shows that the prosecuting attorney in this cause had been in touch with Mr. Tucker and that Tucker stated he could not have made an offer for such a 20 year sentence since the appellant had three prior felony convictions. While the record may indicate that there may have been some preliminary discussion and negotiation for a plea bargain agreement, the record also shows that no evidence was elicited to prove such an agreement was, in fact, reached. The trial judge made a finding that no such agreement was presented to the trial court for acceptance. In view of the evidence on the circumstances surrounding the alleged understanding the trial judge properly denied the motion in question.
In Congo v. State, 455 So.2d 894 (Ala.Crim.App.1983), reversed, Ex Parte State, 455 So.2d 896 (Ala.1984), the Alabama Supreme Court stated that “[wjhile the informal and unwritten negotiations do not lose their vitality if it is proved that they ripen into an agreement, that very informality increases the risk that such negotiations will be found not to have resulted in an agreement.” The court also stated:
“Under Ex parte Yarber, [437 So.2d 1330 (Ala.1983)], a defendant who has negotiated a plea bargain with the State is not automatically entitled to a judgment based upon that agreement. He does have the right to have it submitted to the trial court for that court’s consideration. The trial court is not bound to accept the agreement. The power of the trial court to so decide carries with it the power to determine whether or not such an agreement exists between the State and the defendant.”
In this case, the trial court found that no agreement existed. As stated above, under the facts of this case such a determination by the trial court was correct.
II
The appellant alleges that she was denied a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 6 of the Alabama Constitution. The record in this cause does not support her contention.
On October 28, 1988, the appellant was arrested on the robbery charge. She was injured in an automobile accident during the incident and was hospitalized until November 11, 1983. When she was released from the hospital she was taken to the Jefferson County Jail and incarcerated. On November 23, 1983, she directed a letter to the Clerk of the Circuit Court, Bessemer Division, requesting a speedy trial. Such letter was headed “To Any Honorable Judges”. On December 3, 1983, she again directed a letter to the Clerk of the Circuit Court asking for a speedy trial. She also requested that she be appointed counsel, at which time counsel was appointed.
On December 29, 1983, a preliminary hearing was held in this cause and the appellant was bound over to await the action of the next Grand Jury. On March 23, 1984, the next Grand Jury was convened and returned this indictment against the appellant for robbery in the first degree.
On May 1, 1984, appellant filed a motion for speedy trial noting that she had filed another motion in December of 1983. The case was then set for trial on June 13, 1984, at which time appellant was tried and convicted of the offense charged in this indictment. Although some seven and one-half months have passed between the time of arrest and the time of trial, it should be noted that appellant was tried and convicted within ninety days of the time on which she was indicted for this offense.
We fail to see how the events of this action represent an impermissable delay in bringing appellant to trial or how she could have been prejudiced by this short delay. The appellant was not denied a fair and speedy trial as alleged. See U.S. v. Burns, 662 F.2d 1378 (11th Cir.1981) and Boykin v. State, 398 So.2d 766 (Ala.Crim.App.), cert. denied, 398 So.2d 771 (Ala.1981).
We have searched this record for error prejudicial to the appellant and find none *1337 therein. Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.