TAYLOR, Judge.
Petitioner John Lloyd Sides, alias “Brownie”, was indicted for trafficking in cocaine and pleaded not guilty. Thereafter, the defendant, through his attorney, the Honorable Ryan deGraffenried, requested that the defendant be allowed to work with the West Alabama Narcotics Squad in an effort to receive the benefits of § 20-2-81(b), Code of Alabama (1975). Later the defendant filed a motion for enforcement of settlement agreement. The motion was set for hearing and testimony was taken. The court denied this motion. The petitioner thereafter filed this petition for writ of mandamus, along with a request for a stay. 447 So.2d 873. Presented to us is the issue of whether a writ of mandamus should issue ordering the trial court to order the district attorney to file a motion under § 20-2-81(b), Code of Alabama 1975, moving the sentencing court to reduce or suspend the sentence of the defendant.
Section 20-2-81(b) reads:
“The prosecuting attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this article and who provides substantial assistance in the identification, arrest or conviction of any of his accomplices, accessories, co-conspirators or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend sentence if he finds that the defendant rendered such substantial assistance. (Acts 1980, No. 80-587, page 926).” (Emphasis added.)
The evidence at the hearing tended to indicate that the defendant attempted to set up drug transactions for the West Alabama Narcotics Squad but that nothing ever materialized as a result of his efforts except one time. On that occasion a suspect in another city did give away one Quallude pill to an undercover narcotics officer. The respondents to this mandamus petition take several different positions. The district attorney contends that there existed no agreement between him and counsel for accused. He also contends that no substantial assistance was given. He further states that the decision of whether or not to make such a motion is discretionary with him. He also argues that the determination as to whether or not substantial assistance was furnished by the convicted trafficker in narcotics is substantial is a matter within his discretion as district attorney. The circuit judge takes *1261 the position that the decision as to whether the assistance is substantial is also a discretionary matter with him as judge, as is the decision of whether to grant the state’s motion in regard to the reduction of sentence.
“Mandamus is an extraordinary remedy and will lie to compel the exercise of discretion, but not to compel its exercise in a particular manner except where there is an abuse of discretion. Mandamus ..., however, ... does not lie to review the proceedings of an inferior court on the ground that they were erroneous. Nor is mandamus a substitute for appeal.” (citations omitted) State v. Cannon, 369 So.2d 32 (Ala.1978); see also Ex parte Hooper, 453 So.2d 1066 (Ala.1984).
A judge may be compelled to make some decision in a case. However, where the decision is a matter within his discretion, the writ of mandamus cannot control that which is discretionary. Woodward Iron Company v. Vines, 217 Ala. 369, 116 So. 514 (1928), East v. Todd, 284 Ala. 495, 226 So.2d 153 (1969). It is clear in this case that the respondent judge has not refused to perform an act which he has an imperative duty to perform. He has ruled on the motion. His decision is not a matter which may be controlled by mandamus. Woodward Iron, supra.
“[A] defendant who has negotiated a plea bargain with the state is not automatically entitled to a judgment based upon that agreement.” Congo v. State, 455 So.2d 896 (Ala.1984). However, “[h]e does have the right to have it submitted to the trial court for that court’s consideration. The trial court is not bound to accept the agreement. The power of the trial court to so decide carries with it the power to determine whether or not such an agreement exists between the state and the defendant.” Congo, supra.
Here, as in Congo, the alleged agreement, if any, was informal and unwritten. In Congo the Supreme Court stated that “[wjhile the informal and unwritten negotiations do not lose their vitality if it is proved that they ripen into an agreement, that very informality increases the risk that such negotiations will be found not to have resulted in an agreement.” (Emphasis added.)
There are three conditions precedent to the application of § 20-2-81(b):
1. A defendant must have been found guilty or must have pleaded guilty to a trafficking offense. This procedure is entirely post-conviction in nature. Dickerson v. State, 414 So.2d 998 (Ala.Crim.App.1982); Wheatt v. State, 410 So.2d 479 (Ala.Crim.App.1982). Other states with relatively similar statutes have held similarly in State v. Benitez, 395 So.2d 514 (Fla.1981); and People v. Eason, 40 N.Y.2d 297, 386 N.Y.S.2d 673, 353 N.E.2d 587 (1976).
2. The defendant must have provided assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals.
3. The district attorney must have investigated the assistance provided by the defendant and determined it to be “substantial assistance.” While the discretion allowed the district attorney under the third condition of this section is not unlimited discretion, an abuse of that discretion must be shown in order to challenge its exercise.
The court must be satisfied that certain conditions precedent have been met. First, there must be a defendant who has been found guilty or who has pleaded guilty to a trafficking offense. Second, the district attorney must have filed a motion under § 20-2-81(b), requesting that the sentencing court reduce or suspend the defendant’s sentence because of his having rendered assistance which the district attorney has determined to be “substantial assistance.” Third, the sentencing court must itself find, before applying the provisions of § 20-2-81(b), that the assistance rendered was in fact “substantial assistance.”
We have no choice but to conclude that the requirements for mandamus are not presented by the undisputed facts in this case. No relief is available under § 20-2- *1262 81(b) until after the defendant has been found guilty. Even then decisions based on discretion are to be made by the district attorney and the circuit court. The petition for writ of mandamus is denied.
WRIT DENIED.
All the Judges concur except TYSON, J., who dissents with opinion.