Petitioner Carolyn Swain was charged with two counts of second degree theft in Jefferson County. She pleaded guilty on one charge and received a two-year sentence. At a hearing on the second charge, Swain asserted that she had entered her guilty plea on the first charge pursuant to a plea agreement she had reached with the state. The terms of that agreement, she contended, were that she would plead guilty to the first charge of second degree theft and in return the state would reduce the second charge to the lesser offense of third degree theft.
Swain made an offer of proof that the attorney who represented her in the first prosecution would testify that he did negotiate a plea bargain for his client with the state on these terms. The district attorney involved in the first case stated that he did not remember any agreement, and no agreement was reflected by the record of the first proceeding. Swain pleaded guilty to the second theft charge, but objected to the trial judge's finding that no plea agreement was reached. She was sentenced to two years in prison, and she brought this *Page 1280 
appeal seeking to have the alleged agreement enforced.
Swain cites Ex parte Yarber, 437 So.2d 1330 (Ala. 1983), as authority to support her claim that the plea bargain is due to be enforced. It is true that Yarber states that "once the state chooses to make a [plea bargain] agreement, it should not be allowed to repudiate that agreement with impunity." Yarber, at 1335. However, in Yarber the trial court concluded that the parties had reached a plea agreement. That is not the case here. In fact, the trial judge came to quite a different conclusion:
 "But, anyway, nobody I've found knows anything about it [the alleged agreement] except Blalock [Swain's counsel in the first prosecution] in a kind of way. And I can't find any record of it."
Swain admitted that the district attorney did not remember any plea agreement and that there was nothing in the district attorney's file about a plea agreement. Both the court reporter and the trial judge from the first prosecution listened to the taped trial record and neither found any reference to a plea agreement.
This case is similar to the case of Congo v. State,455 So.2d 896 (Ala. 1984), and also similar to the case of Fuller v.State, 481 So.2d 1178 (Ala.Crim.App. 1985). In both of those cases the defendant argued that a plea agreement had been reached but the trial judge found that there had been no plea agreement. Because the factual similarities between this case and Fuller are especially striking, we quote from that opinion at length:
 "In Congo, the trial court's finding that 'no agreement resulted' as a result of the negotiations between the State and the defendant was a correct finding, according to the Alabama Supreme Court, based upon the record on appeal. Here, as in Congo, after a thorough review of the record on appeal, it is apparent that the trial court considered the negotiations which took place between the parties and correctly concluded that an 'agreement' was never reached.
 "As this court, per presiding Judge Bowen, noted in Kresler v. State, 462 So.2d 785, 789
(Ala.Crim.App. 1984):
 " 'The [trial] court is in the best position to ascertain the facts, assess the intent of the parties under the plea agreement and, if it was breached, to exercise its discretion and fashion an appropriate remedy. Quoting, United States v. Swinehart, 614 F.2d 853, 859 (3rd Cir.), cert. denied, 449 U.S. 827, 101 S.Ct. 90, 66 L.Ed.2d 30
(1980).'
 "Certainly, the trial court, in this case, was in a much better position to ascertain the facts and determine the intent of the parties. We find nothing in the record on appeal which discredits the trial court's decision that no plea bargain agreement existed."
Fuller, at 1181.
We hold that in this case, as in Fuller, the trial judge was in the best position to determine whether a plea agreement had been reached. We hold, based upon this record, that the trial judge did not err in refusing to find that a plea agreement had been reached. We also note that this Court has been called on to deal with this particular problem on several occasions. We have recently set out what we see as a solution:
 "The problem involved here could have been easily avoided had the plea agreement been written and all the terms and conditions made a part of the writing. If parties would reduce their plea agreements to writing, and present them to the trial court prior to sentencing, rather than afterward, as was done here, resolution of cases questioning the existence or contents of plea agreements would be greatly facilitated. The record would also show whether or not the trial court had accepted the plea agreement."
Ex parte Cassady, 486 So.2d 453, 456 (Ala. 1986). The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, BEATTY, SHORES and ADAMS, JJ., concur. *Page 1281