565 So.2d 1240 (1990)
Laura BLAND
v.
STATE.
8 Div. 427.
Court of Criminal Appeals of Alabama.
March 16, 1990.
As Amended on Denial of Rehearing April 27, 1990.
Certiorari Denied June 22, 1990.
*1241 Cecil M. Matthews, Guntersville, for appellant.
Don Siegelman, Atty. Gen., and Andy S. Poole, Asst. Atty. Gen., for State.
Alabama Supreme Court 89-1196.
BOWEN, Judge.
Laura Bland pleaded guilty and was convicted of the offense of criminal possession of a forged instrument (a check) in the second degree in violation of Ala.Code 1975, § 13A-9-6. She was sentenced to 15 years' imprisonment as a habitual offender. We find that the guilty plea was not voluntarily and knowingly entered and reverse the judgment of the circuit court.
The defendant had three prior felony convictions and was serving a 15-year sentence when she pleaded guilty in the case under review.
We have extracted the relevant portions of the record of the guilty plea proceedings which bear on the issue now raised by the defendant:
"THE COURT: ... Other than any agreement with the State that you might have with the State or recommendation of the State, has your plea of guilt been brought about by any other promises, assurances, inducements, ... by anyone?
"DEFENDANT: No, sir.
"[The trial court accepted the defendant's guilty plea and the defendant stipulated to three prior felonies.]
"THE COURT: By agreement of the parties, the Court proceeds to immediately determine the sentence....
"....
"All right, Mr. Jolly [assistant district attorney], for the record if you'll give the recommendation of the State.
"MR. JOLLY: Judge, the recommendation of the State is that the defendant receive a 15-year sentence. That sentence to be split, and she will serve one year, the remainder of 14 on probation for a period of five years. The sentence to run coterminous with the present sentence that she is serving. [The State also recommended that `upon any early release' the defendant make restitution, pay court costs, reimburse the State for her court appointed attorney, and pay $25 to the `victim assessment.']
"THE COURT: Was that your understanding of the recommendation, Ms. Bland?
"DEFENDANT: Yes, sir.
"THE COURT: All right. In view of the fact that it is certified to me by your attorney that the offer that was made by the State for this plea last Thursday or Friday was that there would be a 15-year sentence to be served concurrently with your present sentence, and in view of the fact that this has been changed to increase the penalty somewhat, I'll go along this time with the recommendation by the State.

*1242 "However, Mr. Matthews [defense counsel], you've got to remember that any time after pre-trial is going to be blind pleas; do you understand?
"MR. MATTHEWS: I understand your policy, Your Honor.
"....
"THE COURT: All right. After the foregoing, it is Considered and Adjudged that the defendant be sentenced to the penitentiary of this state for a term of 15 years, to be split, to serve one year in the state penitentiary, and the balance of the time, 14 years, to be suspended and defendant placed on five years' probation. The one yearthis particular judge is not familiar with the term `coterminous,' therefore I'll put in the order that the one year is to be served consecutively with the present sentences that the defendant is serving....
"....
"THE COURT: ... Is there anything that you don't understand about the sentence that you've been given?
"DEFENDANT: Yes, there is.
"THE COURT: All right, go ahead.
"DEFENDANT: That one year consecutive
"THE COURT: Uh-huh.
"DEFENDANT: to the 15 years, I've had to do the restthe remainder of the 15 years and then do the one year, with it running consecutive.
"THE COURT: The 15 years out of Cullman County?
"DEFENDANT: Madison County.
"THE COURT: Madison County.
"DEFENDANT: I'm presentlyI'm already working with
"THE COURT: Yes, ma'am, this one year comes after you finish the term in Madison County.
"DEFENDANT: So that means I've got to be in prison for 10 more years and then do that year
"THE COURT: Well, I doubt seriously the Madison County conviction will last that long, but this one comes up after you finish Madison, whatever it is, yes, ma'am.
"DEFENDANT: But, see, I don't earn any good time on my sentence because it's 15 years. My end of sentence is February 22, 2000, and I can't make parole
"THE COURT: Ma'am, I'm sorry. This in [sic] one year consecutive following the sentence that you have in Madison County.
"DEFENDANT: That's not what I thought.

"THE COURT: Okay. As I say, it's very doubtful that you'll be serving 10 years on the Madison County, but even if you had to serve the full 15 years, which I don't know, this one year will not start until you finish the term in Madison County.
"DEFENDANT: I guess I'll appeal then. I can't finish this sentence and then
"THE COURT: Well, good luck to you, ma'am."
(Emphasis added.)
The defendant filed a timely motion for new trial in which she alleged that the "judgment and sentence [are] void due to the fact that the Trial Court did not adhere to the agreement between the District Attorney and the defendant." Defense counsel waived argument and the motion was overruled.
The legal principles governing the withdrawal of a guilty plea were set out by our Supreme Court in State v. Holman, 486 So.2d 500, 503 (Ala.1986).
"Whether or not a defendant should be allowed to withdraw his guilty plea is a matter within the sound discretion of the trial judge. His refusal to allow such a request will not be disturbed except where an abuse of that discretion is demonstrated. Tiner v. State, 421 So.2d 1369 (Ala.Crim.App.1982) (citing Boykin v. State, 361 So.2d 1158 (Ala.Crim.App. 1978).) The mere subjective beliefs or expectations of a defendant as to the length of sentence to be imposed, unsupported by any promise from the State or indications by the court, are insufficient and unavailing to set aside a guilty plea as unknowingly or involuntarily made. Tiner v. State, supra. The fact that a *1243 defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea. Chapman v. State, 412 So.2d 1276 (Ala.Crim.App. 1982)."
It is clear that, under these principles, the defendant's guilty plea must be set aside. "When the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made." Ex parte Otinger, 493 So.2d 1362, 1364 (Ala.1986).
On appeal, the State argues:
"While the trial court was not in error in denying Appellant's motion for a new trial and denying Appellant's request to withdraw her plea, in light of the apparent confusion over the term `coterminous' and Appellant's assertion that she understood the plea differently than the way in which she was sentenced, this case should possibly be remanded in order that Appellant's understanding of the agreement be clarified and for a determination that her plea is made voluntarily."
Appellee's brief at 8.
This recommendation of "possible remand" is unsound. In fact, this recommendation supports and emphasizes the very reasons why this case must be reversed. The record speaks for itself.
The judgment of the circuit court is reversed. This cause is remanded with directions that the guilty plea be set aside and for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.

ON APPLICATION FOR REHEARING
BOWEN, Judge.
On original submission, this Court reversed the judgment of the circuit court and remanded this cause with directions that the guilty plea be set aside because the trial judge refused to accept the State's recommendation after indicating that the recommendation would be accepted. On application for rehearing, the defendant argues that the proper remedy for the refusal of the trial court to adhere to the plea agreement is to require the specific performance of that agreement.
In Ex parte Yarber, 437 So.2d 1330, 1336 (Ala.1983), the Alabama Supreme Court, in dealing with a plea bargain agreement which was breached by the prosecution, stated:
"Because we have decided that the plea agreement is enforceable, the question which next arises is: What is defendant's remedy on remand? Because the trial court is not bound to accept an agreement between the defense and prosecution, defendant cannot compel the entry of a judgment of guilty coupled with the terms embodied in the plea agreement. Nevertheless, defendant is not without a remedy. Under the posture of the agreement in this case, defendant is entitled to compel the enforcement of that for which he bargained that is, the tender of the negotiated plea, with its attendant terms."
Yarber, 437 So.2d at 1336. "There is, of course, no absolute right to have a guilty plea accepted." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). See also Ex parte Clay, 562 So.2d 1307 (Ala.1990) (although "a trial court should consider the terms of a plea bargain at the defendant's request," * * * "[t]he trial court is not bound to accept the agreement, but `[w]hen the trial judge decides not to carry out an agreement reached between the prosecutor and the defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made'"); Ex parte Sides, 501 So.2d 1262, 1264 (Ala.1986) ("We simply hold that the defendant has the right to have whatever agreement was made by the State and him considered by the court prior to the entry of a plea or conviction."); Ex parte Otinger, 493 So.2d 1362, 1364 (Ala.1986) ("When *1244 the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made. The law should not be different when the trial judge deals directly with defense counsel."); State v. Holman, 486 So.2d 500, 503 (Ala.1986) ("The purpose of the rule allowing a defendant to withdraw a guilty plea when the trial judge refuses to carry out an agreement reached between the prosecutor (or the trial judge) and defense counsel is to insure that such a plea is made voluntarily, which necessarily requires that it be made with full knowledge of the attendant consequences."); Congo v. State, 455 So.2d 896, 897 (Ala.1984) ("Under Ex parte Yarber, ... a defendant who has negotiated a plea bargain with the State is not automatically entitled to a judgment based upon that agreement. He does have the right to have it submitted to the trial court for that court's consideration. The trial judge is not bound to accept the agreement.").
Under certain unique circumstances, a defendant may be entitled to specific performance of the plea agreement. See United States v. Foster, 889 F.2d 1049, 1055-56 (11th Cir.1989); United States v. Nelson, 837 F.2d 1519, 1523, 1525 (11th Cir.), cert. denied, 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 58 (1988). However, from the record it does not appear that this issue has been presented to the trial court, "which is a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty." Santobello v. New York, 404 U.S. at 263, 92 S.Ct. at 499.
Therefore, our opinion of March 16, 1990, is amended to the extent that the trial court is directed to either allow the defendant to withdraw her guilty plea or sentence the defendant in accordance with the terms of the plea agreement.
OPINION AMENDED AND EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.