The appellant appeals from his convictions entered on a "blind" plea to the charges of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975; possession of a controlled substance, a violation of § 13A-12-212; the unlawful possession of marijuana, a violation of § 13A-12-213; and criminal littering, a violation of § 13A-7-29. He was sentenced to 24 years' imprisonment on the distribution conviction, 10 years of which was attributable to the enhancement provisions of § 13A-12-250 and § 13A-12-270, Ala. Code 1975. Additionally, the trial court sentenced the appellant to 10 years' imprisonment on the possession convictions, 12 months' imprisonment on the unlawful possession of marijuana conviction, and to 12 months' imprisonment on the criminal littering conviction; those sentences were to be served consecutively to the 24-year sentence on his distribution conviction.
The trial court conducted a hearing on the appellant's motion to withdraw his guilty pleas and subsequently denied the motion.
The appellant argues that his guilty pleas were involuntary because his trial counsel told him that he would receive a more lenient sentence on a blind plea.
At the hearing conducted on the motion to withdraw the guilty plea, there was evidence that the State had offered the appellant a plea agreement whereby he would be sentenced to 22 years' imprisonment, but that the appellant rejected the offer. Trial counsel then suggested to the appellant that he could go to trial, but the appellant refused to do that. Trial counsel testified that they then suggested that the appellant could enter a blind plea. Counsel testified that they advised the appellant that, while it was possible that he would get a lesser sentence on a blind plea than the one offered pursuant to the plea agreement, "he could get considerably more."
An examination of the record reveals that the appellant's guilty pleas were voluntarily and intelligently entered. The trial court undertook the necessary factual inquiry; it ascertained that the appellant had voluntarily pleaded guilty; and it verified that a factual basis existed for the charges against him. Boykin v. Alabama, 395 U.S. 238 (1969). Once the trial court has properly accepted a defendant's plea, the trial court has sole discretion in determining whether the defendant should be allowed to withdraw the plea. Moreover, any conflicting evidence is not subject to review on appeal unless it is shown that the trial court abused its discretion. Ex parte Heaton, 542 So.2d 931 (Ala. 1989). No abuse of discretion is evident from the record on appeal.
This cause must be remanded, however, because the trial court failed to sentence the appellant within the appropriate sentencing range for criminal littering, a Class C misdemeanor, as required by §13A-5-7(a)(3), Ala. Code 1975. Section 13A-5-7(a)(3) provides:
 "Sentences for misdemeanors shall be a definite term of imprisonment in the county jail or to hard labor for the county, within the following limitations:
". . . .
"(3) For a Class C misdemeanor, not more than three months."
If the original sentence is invalid, the trial court must then resentence the appellant accordingly. If the original sentence is invalid, the trial cour tmust then resentence the appellant accordingly. See Rokitski v. State, 715 So.2d 859 (Ala.Cr.App. 1997). We therefore remand this cause so that the trial court may impose the appropriate sentence. The trial court shall take all necessary action to ensure that the circuit *Page 1066 
clerk makes due return to this Court within 42 days from the date of this opinion.
REMANDED FOR RESENTENCING.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.