I concur in Part III, holding that Fletcher is not entitled to enforce what she says she understood to be an agreement that the total amount of restitution would be no more that $200,000, and I concur in Part IV, holding that the trial court, when ordering Fletcher to pay restitution, was authorized to impose a duty to pay interest. However, I cannot join, and therefore respectfully dissent from, Parts II and V, which effectively allow Fletcher to retain the considerable benefits of her guilty plea while pleading poverty as a means of escaping her own obligations under the plea.
While the majority opinion states that Fletcher is not entitled to specific performance of the terms of her guilty plea as she claimed to understand them, the effect of the majority opinion is to force the trial court to accept a plea under terms the trial court would not have accepted in the first instance — terms more favorable to Fletcher than those the trial court was willing to accept. The Court of Criminal Appeals correctly stated in its unpublished memorandum:
 "It is well settled that where there is a question as to the existence and terms of a plea agreement, the trial court is in the best position to ascertain the facts and to determine the intent of the parties. Kresler v. State, 462 So.2d 785, 789 (Ala.Crim.App. 1984); see also Fuller v. State, 481 So.2d 1178, 1181
(Ala.Crim.App. 1985). A trial court's determination regarding the existence and terms of a plea agreement is not readily disturbed on appellate review. Ex parte Clay, *Page 912 562 So.2d 1307, 1309 (Ala. 1990); see also Ex parte Swain, 527 So.2d 1279 (Ala. 1988).
 "Here, the trial court found that there was no agreement nor was there any recommendation made by the State regarding Fletcher's sentence, probation, or the method of payment for the restitution. The trial court further found that it was the understanding of the parties, including Fletcher's attorney, that any order of restitution would include interest at a rate of 12 percent per annum and that any payment schedule must include payment of such interest. Finally, the trial court stated that it would not have under the circumstances granted probation to Fletcher but for the assurances to the court that she was willing and capable of satisfying the restitution order in the amount of $200,000 plus interest. We find no abuse of discretion in the trial court's determination of the terms upon which Fletcher's guilty plea was entered.
 "Although the trial court's determination in this regard may appear to place an onerous burden upon Fletcher with respect to the monthly payments for which she is obligated, it does not lie with Fletcher to seek, as she does, to take advantage of the obvious benefits bestowed upon her by the court's acceptance of her guilty plea (i.e., a split sentence with probation and only 48 hours to be served in confinement) and to seek specific performance of an alleged plea agreement under terms as only she claims to have understood them. As the State correctly argues in its brief to this court, if Fletcher believed that her plea was entered without a full understanding of her obligations under the restitution order or that the trial court, in ordering her to pay interest, had failed to effect the terms of her alleged agreement with the State concerning restitution, Fletcher should have moved to withdraw her guilty plea in the trial court, allowing the parties to be returned to the status quo existing before her plea was accepted by the trial court. Fletcher chose not to move to withdraw her guilty plea; instead she seeks to have the trial court require her to pay only the restitution she claims she is able to pay — even though the trial court found that all parties understood that Fletcher, in pleading guilty, would be obligated to pay interest to her victim, and even though the trial court stated that it would not have granted probation to Fletcher but for the assurances to the court that she was willing and capable of satisfying the restitution order in the amount of $200,000 plus interest. Fletcher is not entitled to the relief she seeks."
Fletcher v. State (No. CR-97-1059) 778 So.2d 869 (Ala.Crim.App. 1999) (table).
If Fletcher truly entered her guilty plea without a full understanding of her potential obligations as they might be imposed by the trial court — if there was no meeting of the minds — then she should have sought to withdraw her plea. Although she did not do this, she is now, nevertheless, being allowed to dictate the terms of her plea.
As a final note, because this case is being remanded for further proceedings on the question of the amount of restitution Fletcher can pay and the method of its payment, I would recommend that the court inquire into a particular matter that is relevant to the question of Fletcher's ability to pay restitution — what became of the considerable sum of money Fletcher, by entering her guilty plea, admitted to stealing. *Page 913