The appellant, Larry David Johnson, pleaded guilty to one count of third-degree burglary, a violation of § 13A-7-7, Ala. Code 1975, and one count of first-degree theft, a violation of §13A-8-3, Ala. Code 1975. The trial court sentenced Johnson as a habitual offender with three prior felony convictions to 25 years' imprisonment for each conviction, with the sentences to run concurrently.
The record reveals that Johnson had previously entered not-guilty pleas and on September 10, 2002, withdrew his not-guilty pleas and advised the circuit court that he wished to plead guilty to the charges. Pursuant to the plea agreement entered into between Johnson and the State, Johnson agreed to plead guilty to one count of third-degree burglary and one count of first-degree theft. In exchange, the State agreed to dismiss a third charge. Johnson stated that he understood his rights, that he understood the charges contained in the indictment, and that he understood the minimum and maximum sentences that could be imposed upon conviction. Johnson acknowledged that he had three prior felony convictions, and he waived further proof by the State of those convictions. Johnson also stated that he had discussed these matters with his court-appointed counsel and that he *Page 902 
was satisfied with his attorney's representation.
Because the plea agreement contained no recommended sentence, the trial court advised Johnson that he was entering a "blind" plea. However, the trial court advised Johnson that it was the court's intention to impose concurrent 20-year sentences. The court explained that this was the minimum sentence allowed by law for first-degree theft, the more serious of the two charges against him.[1] The trial court then accepted Johnson's guilty pleas. Based on the foregoing, the trial court determined that Johnson's guilty plea was knowingly and voluntarily entered, and it scheduled his sentencing hearing for November 13, 2002.
Johnson failed to appear on November 13, 2002, and the trial court issued a warrant for his arrest. Johnson was taken into custody on February 18, 2003, and was sentenced on March 6, 2003. At the sentencing hearing, the trial court noted that Johnson had failed to appear for his November 13, 2002, sentencing hearing; the court then sentenced Johnson to concurrent sentences of 25 years' imprisonment. Defense counsel objected to the sentence and reminded the court of its previously stated intention to sentence Johnson to concurrent 20-year sentences. The court reminded counsel that Johnson had entered into a blind plea agreement that contained no sentence recommendation. Nevertheless, Johnson moved to withdraw his guilty pleas; the trial court denied Johnson's motion. This appeal followed.
Johnson argues that the trial court, in refusing to impose the 20-year sentences originally contemplated and also refusing to allow him to withdraw his guilty pleas, abused its discretion. Therefore, he argues, the court's judgment is due to be reversed. We disagree.
"Whether a defendant should be allowed to withdraw a guilty plea is a matter within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion." Ex parte Blackmon, 734 So.2d 995,997 (Ala. 1999) (citing Boykin v. State, 361 So.2d 1158, 1160
(Ala.Crim.App. 1978)).
 "`[T]he trial court is not bound to accept an agreement between the defense and prosecution.' Ex parte Yarber, 437 So.2d 1330, 1336 (Ala. 1983). However, `"[w]hen the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made."' Bland v. State, 565 So.2d 1240, 1243 (Ala.Cr.App. 1990), quoting Ex parte Otinger, 493 So.2d 1362, 1364 (Ala. 1986)."
Bagley v. State, 681 So.2d 262, 265 (Ala.Crim.App. 1995). See also Rule 14.3(c)(2)(iv), Ala.R.Crim.P.
Johnson entered a blind plea, meaning that he had no prior agreement with the State as to the length of the sentence to be imposed. See Duncan v. State, 838 So.2d 1064, 1065
(Ala.Crim.App. 2000). Thus, the trial court did not fail to accept the terms of the agreement between the State and Johnson. Rather, there was no agreement concerning the sentence to be imposed. The fact that the trial court originally contemplated imposing concurrent 20-year *Page 903 
sentences was not part of the plea agreement. Nor are we aware of any authority that prevents a trial judge from changing his or her decision regarding the sentence to be imposed before it imposes the sentence.[2]
Here, the trial court sentenced Johnson within the range of punishment provided in § 13A-5-9(c), Ala. Code 1975. The fact that Johnson expected to receive concurrent 20-year sentences, rather than the 25-year sentences actually imposed, does not invalidate his guilty pleas. As this Court has previously stated:
 "`[t]he mere hope, subjective belief, or expectation of a defendant [and his counsel] regarding length of sentence, parole, conditions of confinement, and other similar matters which are not based upon a promise by the state are insufficient to warrant the withdrawal of a guilty plea as unknowingly or involuntarily made.' Culver v. State, 549 So.2d 568, 571 (Ala.Cr.App. 1989). Furthermore, `"the fact that a defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea."' Bland v. State, 565 So.2d 1240, 1242-43 (Ala.Cr.App. 1990) (quoting State v. Holman, 486 So.2d 500, 503 (Ala. 1986))."
Alderman v. State, 615 So.2d 640, 647-48 (Ala.Crim.App. 1992) (emphasis added).
Because Johnson entered blind pleas that contained no sentence recommendation by the State, the trial court did not abuse its discretion in denying Johnson's request to withdraw his guilty pleas. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Because Johnson had three prior felony convictions, the minimum sentence allowed for third-degree burglary, a Class C felony, was 15 years' imprisonment, and for first-degree theft, a Class B felony, was 20 years' imprisonment. See § 13A-5-9(c)(1) and (2), Ala. Code 1975.
[2] Indeed, such a holding would appear to be inconsistent with well-established precedent holding that a trial court retains jurisdiction to modify a sentence for 30 days after the sentence is pronounced. See, e.g., Ex parte Hitt, 778 So.2d 159 (Ala. 2000); Massey v. State, 587 So.2d 448 (Ala.Crim.App. 1991). *Page 904