SAM TAYLOR, Judge.
The appellant, while attempting to steal meat valued at $516, was apprehended inside the cafeteria of the Booker T. Washington School in Mobile. There were negotiations resulting in the state’s expressing a willingness to recommend probation for the appellant in exchange for his plea of guilty. This agreement failed because the appellant failed to appear in court when due. Thereafter, appellant pleaded guilty to a charge of burglary in the third degree. Through a colloquy with appellant, the trial court ascertained that he did understand his constitutional rights. His guilty plea was accepted and a presentence report requested by the trial court. On the date set for sentencing, it appeared that the presen-tence report listed prior felony convictions which made it mandatory that sentencing proceed under the Habitual Felony Offenders’ Act. During this hearing, the appellant informed the court of his desire to proceed with his guilty plea even though the sentence range would now be 15 years to life because of the application of this statute. Counsel objected to sentencing on the grounds that he had inadequate notice that the Habitual Felony Offenders’ Act would apply. The court then continued the sentencing hearing for a month. At that hearing, the court imposed sentence of fifteen years’ imprisonment, the minimum sentence permissible under law under these circumstances.
I
Appellant first contends that he was not afforded adequate notice of the state’s intention to proceed against him as a Habitual Felony Offender.
It must be stated at the beginning of any discussion of the Habitual Felony Offenders’ Act, that the state has no option in the application of this law. In no case is there a question of whether the state intends to apply the recidivist statute; it must be applied.
Alabama’s Temporary Rules of Criminal Procedure provide that
“At a reasonable time prior to the hearing the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed.” A.R.Crim.P.Temp. 6(b)(3)(ii).
Notice given two days before a hearing has been held to be sufficient. See Holley v. State, 397 So.2d 211 (Ala.Cr.App.), cert. denied, 397 So.2d 217 (Ala.1981). Less time might be found reasonable under Rule 6(b)(3)(ii). In this instance, the court, to avoid any problem of due process, continued the case for 35 days. There is no merit in appellant’s contention that his rights were violated in this proceeding.
II
Appellant contends that he should have been allowed to withdraw his guilty plea because he expected a lesser sentence. The first agreement as to probation was effectively terminated by the appellant when he failed to appear for sentencing. The fact that he failed to appear had to be considered by the prosecution in determining a proper disposition of the case.
*989 The record further affirmatively shows that the appellant’s guilty plea was not the result of a plea bargaining agreement. To the contrary, at the first hearing, at which the guilty plea was first taken on June 15, 1983, the assistant district attorney stated “It is a blind plea.” At the hearing on July 15, the court began the hearing by inquiring “Was this a blind plea?” Counsel for the appellant answered in the affirmative. In this same proceeding, counsel for the appellant stated, “... I have explained it to my client the consequences of his guilty plea. I have explained it to him that ... I could file a motion on his behalf to withdraw the guilty plea which would be in your discretion to grant or deny. And that he ... wishes to continue with his guilty plea.”
At the August 19 hearing, appellant moved to be allowed to withdraw his guilty plea and the court denied his motion. The court stated:
“But I think I told him, quite sure, that when I was first apprised that I would let him back out of his plea agreement, that the State, in my opinion, had no choice but to proceed under the repeat felony offender [sic] and he didn’t want to do it. So, my position now is that he can’t withdraw the plea. I don’t see any reason for it.”
The guilty plea in this case was freely and voluntarily made. The appellant gambled on whether or not his prior felony convictions would be discovered. He lost.
Accordingly, this case is due to be affirmed.
AFFIRMED.