ON RETURN TO REMAND
PATTERSON, Presiding Judge.
In the appellant’s petition for post-conviction relief, filed pursuant to A.R.Crim.P. Temp. 20, he alleged that his guilty pleas were involuntarily entered, that he was denied the constitutional right to a public trial, that restitution was ordered without his being accorded a restitution hearing, that the trial court failed to advise him of his right to appeal, and that he was denied his constitutional right to effective assistance of counsel. The trial court summarily *575 denied the petition, and the appellant appealed. We determined that the appellant had stated a claim of ineffective assistance of counsel and was entitled to be heard on that claim. We remanded the case to the trial court with instruction to hold a hearing on the appellant’s claim. 555 So.2d 319. In doing so, although we did not so state at the time, we determined that all the other claims asserted in the petition were precluded from review by Rule 20.-2(a)(5) as claims which could have been raised on appeal but were not.
The appellant’s claim of ineffective assistance of counsel arises out of the following facts: He was faced with prosecution in three cases of theft in the first degree in Coffee County, after having been convicted of similar offenses in several other counties, including Houston County. In Houston County he had been convicted after a jury trial of 2 similar offenses and sentenced to 15 years’ imprisonment in one case and 10 years in the other, both sentences to run consecutively. With the assistance of counsel, he negotiated a plea bargain agreement with the Coffee County district attorney in an effort to dispose of the three cases, with which we are concerned here, without the necessity of going to trial. It was agreed that the district attorney would recommend to the trial judge sentences of 10 years in each case with agreed-upon amounts of restitution to the victims. It was further agreed that the sentences would run concurrently with each other and with the sentences in the Houston County eases. Subsequently, on May 19, 1986, the appellant withdrew his not guilty pleas, entered pleas of guilty, and was sentenced to 10 years’ imprisonment and was ordered to pay certain amounts of restitution in each case. The Coffee County sentences were ordered to be served concurrently; however, the trial court refused to accept the district attorney’s recommendation that the sentences run concurrently with the Houston County sentences, and it was ordered that they be served consecutively with those sentences.
The appellant alleged in his petition and contended at his hearing that he had been induced to enter the guilty pleas by the misrepresentations of his counsel that the plea bargain agreement would be accepted, in its entirety, by the trial court; that the trial court had agreed to the agreement in advance; that entry of the pleas was just a formality; and that he should respond to questions propounded by the court appropriately with “yes” or “no” answers. He contended that, had he known that the trial court would not accept the agreement in its entirety, he would not have entered the guilty pleas despite his answers to the court during the guilty plea proceedings to the contrary. He contended that the misrepresentations of counsel caused him to enter involuntary guilty pleas.
The appellant’s counsel testified that counsel advised the appellant that the plea bargain agreement with the district attorney was no more than a recommendation, that the trial court was not bound by the agreement, and that it was the policy of the trial court not to agree to plea-bargain agreements in advance. The appellant’s counsel emphatically denied advising the appellant that the trial court had agreed in advance to adopt the agreement between the appellant and the district attorney, that the entering of the pleas was a mere formality, or that the appellant should answer questions propounded by the court in a certain manner.
The transcript of the guilty plea proceedings introduced at the hearing held on remand shows that the trial court advised the appellant before the guilty pleas were accepted that it had not agreed to order the Coffee County sentences to run concurrently with the Houston County sentences, that the appellant acknowledged that he understood that, and that he made no objection. The record shows the following:
“The Court: So that you won’t have any misunderstanding, let’s put it all right out here. If you plead guilty we are going to follow the recommendation of the District Attorney as to the sentence, the restitution and the concurrence thereof with the ones here in Coffee County. We have not determined and look at you and tell you whether or not this sentence will run concurrently with Houston *576 County. We are not going to say yes or no. You understand?
“Defendant Eddins: Yes, sir.”
After some discussion about the time the appellant had already served in confinement, the trial court refused to order the Coffee County sentences to run concurrently with the Houston County sentences and ordered them to run consecutively.
The trial record further reflects that the appellant became dissatisfied with his sentences and instructed his counsel to file a motion to withdraw his guilty pleas. This motion was filed on June 18, 1986, but before the motion was ruled upon, defense counsel filed another motion withdrawing the previous motion, and the later motion was granted by the trial court. Defense counsel testified that the appellant instructed him to file the motion to withdraw the earlier motion to set aside the guilty pleas and that he had informed him that he was satisfied with his sentences as pronounced by the court. The appellant denied giving such instructions.
After the evidentiary hearing, the trial judge entered an order denying appellant’s petition for post-conviction relief. In his order, the judge found, based upon the evidence presented and his own personal knowledge of the proceedings, that the appellant knowingly and voluntarily entered his guilty pleas. The judge further found that the appellant failed to establish that his counsel was constitutionally ineffective.
In a post-conviction petition filed pursuant to A.R.Crim.P.Temp. 20, “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle him to relief.” A.R.Crim.P.Temp. 20.3. Our review of the evidence in this case leads us to the conclusion that the appellant failed to meet this burden. The evidence fully supports the order and the findings of the trial court. The appellant’s contention that he was induced by misrepresentations of his counsel to enter the guilty pleas was contradicted by his counsel and refuted by the record of the guilty plea proceedings. His contention that his counsel failed to seek a withdrawal of his guilty pleas after having been instructed by him to do so is also contradicted by his counsel and by the record. The conflicts in the testimony were for the trial court to resolve.
The appellant alleged in his petition that the trial court failed to advise him of his right to appeal and that his counsel was ineffective for failing to appeal. There is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea, but extraordinary circumstances might establish that the omission of such advice actually denied a defendant due process of law. Barber v. United States, 427 F.2d 70 (10th Cir.), cert. denied, 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970); Allison v. State, 495 So.2d 739 (Ala.Cr.App.1986). While the trial court apparently did not advise the appellant of his right to appeal in the instant case, there are no extraordinary circumstances existing here which would make the omission a denial of due process. The failure to notify an individual of his right to appeal following a guilty plea does not, in itself, constitute ineffective assistance of counsel. Allison v. State. Here, the record does not show whether defense counsel advised the appellant of his right to appeal; however, it is highly unlikely, for reasons stated hereafter, that appellant did not fully understand his rights, including his right of appeal. “A defendant cannot complain of ineffective assistance on an appeal he did not want and did not pursue.” Ex parte Dunn, 514 So.2d 1300, 1301 (Ala.1987). Here, the appellant did not pursue an appeal, did not advise his counsel that he wanted to appeal, and, if his counsel and the record are to be believed, withdrew his motion to set aside his guilty pleas, indicating an abandonment of appeal.
The record shows that the appellant is an educated and intelligent person. He is an experienced accountant who has represented clients in tax cases before the Internal Revenue Service. The record shows that he took an active role in the handling of his criminal cases. It would be highly unlikely that a person with this knowledge and experience would enter pleas of guilty to *577 felony charges without understanding the nature and consequences of what he was doing. Further, a memorandum prepared by the appellant and addressed to his victims, appearing in the record, sheds some light on his motives in that it discloses that he pleaded guilty “to avoid putting each of you (victims) through a potentially traumatic and stress-filled trial by jury,” and also discloses a diminished interest in avoiding “additional time” because of the numerous convictions and sentences which he had already received. Clearly, the preponderance of the evidence does not lie with the appellant.
We find that the trial court’s judgment denying appellant’s petition for post-conviction relief was proper, and it is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.