ON RETURN TO REMAND
PATTERSON, Presiding Judge.
This cause was remanded with instructions that the trial court determine whether there was or was not a breach of the plea bargain agreement by the State and whether Edwards’ guilty plea rested in any significant degree, on a promise or agreement made by the State. 581 So.2d 1260. On remand, after an evidentiary hearing, the trial court determined that there was a plea bargain agreement being that the State of *1009 Alabama would recommend the minimum sentence in return for the defendant’s plea of guilty. The trial court further found that the State complied with the plea bargain agreement and that the defendant’s guilty plea did in fact rest in a material and significant degree upon the agreement.
It is clear from the record that the trial judge did not carry out the agreement reached between the prosecutor and defense counsel. At sentencing, following the trial court’s acceptance of the guilty plea, Edwards admitted being convicted of two felonies disclosed in his presentence report that were in addition to the two felony convictions proven by the State. In light of the additional felony convictions, the trial court sentenced the defendant to a 30-year prison sentence to run concurrently with the prison sentence he is presently serving rather than the 10-year prison sentence recommended by the State.
The 10-year sentence recommended by the State was the minimum sentence under the Habitual Offender Act with two prior felony convictions. It is noted that the minimum sentence under the Habitual Offender Act with three or more felony convictions is 15 years.
Under these facts, the defendant’s guilty plea must be set aside. “When the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.” Ex parte Otinger, 493 So.2d 1362, 1364 (Ala.1986). See also Bland v. State, 565 So.2d 1240 (Ala.Cr.App.1990).
For the reasons set out herein, the judgment of the court is reversed. This cause is remanded with directions that the guilty plea be set aside and for further proceedings consistent with this opinion.
OPINION EXTENDED; REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.