The appellant filed a Rule 20, A.R.Cr. P.Temp., now Rule 32, A.R.Cr.P., petition, which was originally denied without a hearing by the trial court. Thereafter, the prosecutor filed an answer, stating certain grounds of preclusion, stating that the process and service of the process was insufficient, and denying the allegations in the petition. A hearing was then held by the trial court, and the trial court vacated its original order, which denied relief. Following the evidentiary hearing, the appellant's petition was again denied on the grounds that the appellant had failed to meet his burden of proof. *Page 84 
 I
The appellant argues that he was denied due process of law because the State breached the terms and conditions of the plea bargain and the trial court failed to enforce the plea bargain, or to give the appellant the opportunity to withdraw his guilty plea. The record indicates that, prior to the entry of the appellant's guilty plea, a plea agreement had been reached, whereby the State would not oppose probation, and the defendant agreed to 13 months probation, with random drug testing to be performed during that period. Thereafter, the appellant pleaded guilty and a sentencing hearing was scheduled, at which the appellant did not appear. Sentencing was rescheduled and again the appellant did not appear. The appellant was extradited from Texas 2 years later and was sentenced to a term of 7 years, with the sentence split so that he would serve 30 months and spend 4 years on probation. The appellant made no motion to withdraw his guilty plea. The appellant testified during the final sentencing hearing that, when he first saw his attorney after being extradited, he asked if the plea agreement with still "in force." The appellant stated that his attorney informed him that it was not, but that he would attempt to "get you [the appellant] with time served since you have been here for a few months." Defense counsel testified as follows:
 "What happened, that we pled before Judge Kennedy at the last part of his administration and then [the appellant] . . . didn't show up for sentencing, and then he comes back in a year and a half later, and I told you, you know, the plea agreement and all that was off, and as he told the court, he knew that."
There is no evidence in the record and the appellant has presented no facts to support his argument that the State breached the plea bargain.
 "Because the trial court is not bound to accept an agreement between the defense and prosecution, defendant cannot compel the entry of a judgment of guilty coupled with the terms embodied in the plea agreement. . . . [D]efendant is entitled to compel the enforcement of that for which he bargained — that is, the tender of the negotiated plea, with its attendant terms, to the trial court for its consideration."
Ex parte Yarber, 437 So.2d 1330, 1336 (Ala. 1983). There is no evidence that the State breached the plea agreement. Moreover, the appellant terminated the plea agreement by failing to appear for sentencing. Hertz v. State, 445 So.2d 987
(Ala.Cr.App. 1984).
 II
The appellant argues that his counsel at trial was ineffective for failing to seek enforcement of the plea agreement, for failing to withdraw the guilty plea, and for failing to appeal. As to the appellant's claim of ineffectiveness concerning his counsel's failure to appeal, this issue was not raised in the appellant's Rule 20 petition. When the appellant began to make this contention during the hearing, the prosecutor pointed out to the trial court that this matter was not raised in the petition. Defense counsel responded that he had had a conversation with the appellant concerning his right to appeal and that the appellant was to let his defense counsel know if he wished to appeal. Defense counsel testified that the appellant never contacted him again until he was eventually extradited. The appellant admitted that he failed to inform his counsel of his whereabouts during this two-year period or of the fact that he would not be present for sentencing. Defense counsel testified that he would have been willing to pursue an appeal.
 " 'It has been held that failure to notify an individual of his right to appeal following a guilty plea does not in itself constitute ineffective assistance of counsel. . . . There is no constitutional requirement that defendants must always be informed of their right to appeal following a guilty plea. . . . However, it has been held that extraordinary circumstances might establish that the omission of advice actually denied a defendant due process of law.' *Page 85 
 "Allison v. State, 495 So.2d 739, 741 (Ala.Cr.App. 1986).
 " '[A] defendant who pleads guilty waives all but a few grounds on which to appeal [because a guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings], and these grounds are not limited to review in a direct appeal after sentencing. Thus, an attorney's failure to file a direct appeal under these circumstances does not constitute ineffective assistance of counsel since it causes no harm to the defendant.'
 "Ferguson v. State, 699 F.2d 1071, 1073 (11th Cir. 1983). See Annot., 13 A.L.R. 4th 533 (1982)."
Pardue v. State, 566 So.2d 502, 505-6 (Ala.Cr.App. 1990).
As to the appellant's arguments concerning the ineffectiveness of his counsel in regards to the withdrawal of his guilty plea, or the enforcement of the plea bargain agreement, the appellant expressed no dissatisfaction with his attorney at the time of the entry of his guilty plea or at the sentencing hearing. "If [an appellant] was dissatisfied with [his counsel's] representation, he had an opportunity to say so at the time the hearing was held on his guilty plea. Objections going to the adequacy of counsel must be raised at the first opportunity or else, like other objections, they are waived."Ex parte Hill, 591 So.2d 462 (Ala. 1991). Therefore, this issue has been waived.
 III
The appellant argues that he was entitled to counsel for his evidentiary hearing on the denial of his Rule 20 petition. However, indigent defendants are not entitled to appointed counsel in post-conviction proceedings. The appointment of counsel in such proceedings is discretionary with the trial court. Ex parte Cox, 451 So.2d 235 (Ala. 1983). We find no abuse of discretion by the trial court in this matter.
 IV
The appellant argues that he was denied due process of law by the trial court's failure to allow him to "orally amend" his Rule 20 petition in order to permit an out-of-time appeal. However, a review of the record indicates that the appellant never requested such an amendment. Pardue v. State,566 So.2d 502, 505-06 (Ala.Cr.App. 1990). See also Smoot v. State,575 So.2d 626, 628-29 (Ala.Cr.App. 1991) (despite the appellant's claim that he was not informed of his right to appeal, defense counsel testified that he did inform the appellant of that right). Conflicts in testimony between the appellant and his defense counsel are for the trial court to resolve. Eddins v.State, 581 So.2d 574, 576-77 (Ala.Cr.App. 1991) (wherein the defendant claimed that he was deprived of effective assistance of counsel because he was induced by his counsel's misrepresentations to enter guilty pleas and his counsel failed to seek withdrawal of his guilty pleas after the appellant instructed him to do so, and defense counsel failed to inform the appellant of his right to appeal following the guilty plea). Moreover, the record clearly shows that the appellant was allowed to testify concerning this issue and it appears that the trial court considered this issue during the hearing. Because the appellant did not request to amend his petition, there is no adverse ruling from the trial court and, therefore, this issue is waived. Gaston v. State, 581 So.2d 548
(Ala.Cr.App. 1991).
 V
The appellant argues that the trial court erred by failing to find that he was entitled to the enforcement of his plea bargain or, in the alternative, to withdraw his plea. However, the record indicates that the appellant failed to object to the trial court's failure to enforce the plea bargain by failing to move to withdraw his guilty plea, and similarly that he did not preserve any error in the trial court's failure to allow him to withdraw his guilty plea by failing to so move at trial court level. Therefore, this matter is waived. Hartley *Page 86 v. State, 598 So.2d 2 (Ala.Cr.App. 1991). See also Rule 20.2, A.R.Cr.P. Temp.
AFFIRMED.
All Judges concur, except MONTIEL, J., recuses.