BOWEN, Presiding Judge.
George Burnett, the appellant, pleaded guilty to. and was convicted of two counts of rape in the first degree. He was sentenced to 25 years’ imprisonment in each case, with the sentences to run concurrently. On this direct appeal from those convictions, the appellant contends that he should be permitted to withdraw his guilty plea because the terms of the plea bargain agreement, as he allegedly understood them, were not enforced. He also contends that his retained trial counsel was ineffective.
The appellant pleaded guilty and was sentenced on November 16, 1992. He filed notice of appeal on December 10, 1992, and appellate counsel was appointed that same date. On February 25, 1993 — 77 days after he had been appointed and 101 days after sentencing — appellate counsel filed a motion to withdraw the guilty plea and a motion to supplement the record on appeal. A motion to withdraw a guilty plea must be filed no later than 30 days after the sentence is imposed. Rose v. State, 598 So.2d 1040, 1044 & n. 2 (Ala.Cr.App.1992); Ward v. State, 527 So.2d 780, 782 (Ala.Cr.App.1988). The motion to withdraw the plea was untimely-
Appellate counsel did not attempt to follow the procedure set out in Ex parte Jackson, 598 So.2d 895 (Ala.1992). There was no attempt to file a petition for post-conviction relief. See Rule 32.6(e), AR.Crim.P. Barnes v. State, 621 So.2d 329 (Ala.Cr.App.1992). Consequently, this issue has not been preserved for appellate review.
Furthermore, the written plea agreement is contained in the record. CR. 41-42. That agreement was accepted by the trial court, *1114 and from all appearances, the appellant got exactly what he bargained for.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.