The appellant, Andrew Burt Clark, was indicted for burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. On March 3, 1994, Clark entered a plea of guilty to the charge. After accepting the guilty plea, the trial court asked the district attorney for the State's recommended sentence in this case. The district attorney recommended Clark receive three years in prison and a $750 fine. Sentencing was delayed until April 26, 1994, at which time the trial court rejected the State's recommendation and sentenced Clark to eight years in prison and imposed a $500 fine. On May 2, 1994, Clark moved to set aside his guilty plea because the sentence he received was not the same sentence as that recommended by the State.
It is well settled that " '[w]hen the trial judge decides not to carry out an agreement reached between the prosecutor and the defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.' " Ex parte Clay, 562 So.2d 1307, 1309
(Ala. 1990) (quoting Ex parte Otinger, 493 So.2d 1362, 1364
(Ala. 1986)). However, the threshold question is whether a plea agreement exists. Ex parte Clay, 562 So.2d at 1309.
As was the case in Clay, the record here does not answer the question of whether Clark's guilty plea was the result of a plea agreement with the State. In Clay, the Supreme Court held that before that question could be resolved, a factual determination had to be made as to whether defense counsel and the prosecutor had reached a plea agreement, and if so, what the terms of that agreement were. Ex parte Clay, 562 So.2d at 1310; see also Edwards v. State, 586 So.2d 1008
(Ala.Crim.App. 1991). Therefore, we remand this case to the circuit court for an evidentiary hearing to determine whether a negotiated plea agreement was reached, and if so, what the terms of that agreement were. The circuit court is further instructed to file a return to this court within 60 days and include any testimony, as well as the circuit court's written findings of fact and conclusions of law.
REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 50