BOWEN, Presiding Judge.
This is an appeal from the denial of a petition for post-conviction relief. The appellant, George Burnett, challenges his two 1992 guilty plea convictions for rape in the first degree. Those offenses involved female children under the age of twelve. On direct appeal, this Court affirmed those convictions. Burnett v. State, 624 So.2d 1113 (Ala.Cr.App.1993). This Court held:
“On this direct appeal from those convictions, the appellant contends that he should be permitted to withdraw his guilty plea because the terms of the plea bargain agreement, as he allegedly understood them, were not enforced. He also contends that his retained trial counsel was ineffective.
“The appellant pleaded guilty and was sentenced on November 16, 1992. He filed notice of appeal on December 10,1992, and appellate counsel was appointed that same date. On February 25, 1993 — 77 days after he had been appointed and 101 days after sentencing — appellate counsel filed a motion to withdraw the guilty plea and a motion to supplement the record on appeal. A motion to withdraw a guilty plea must be filed no later than 30 days after *58 the sentence is imposed. Rose v. State, 598 So.2d 1040, 1044 & n. 2 (Ala.Cr.App.1992); Ward v. State, 527 So.2d 780, 782 (Ala.Cr.App.1988). The motion to withdraw the plea was untimely.
“Appellate counsel did not attempt to follow the procedure set out in Ex parte Jackson, 598 So.2d 895 (Ala.1992). There was no attempt to file a petition for post-conviction relief. See Rule 32.6(e), A.R.Crim.P. Barnes v. State, 621 So.2d 329 (Ala.Cr.App.1992). Consequently, this issue has not been preserved for appellate review.
“Furthermore, the written plea agreement is contained in the record. C.R. 41-42. That agreement was accepted by the trial court, and from all appearances, the appellant got exactly what he bargained for.”
624 So.2d at 1113-14.
In his petition for post-conviction relief, the appellant claims that his pleas were “unlawfully induced and not made voluntarily” based on the advice he received from trial counsel and that both trial and appellate counsel were ineffective.
The circuit court conducted an evidentiary hearing at which the appellant, the appellant’s mother, and the appellant’s trial counsel testified. After that hearing, the circuit court issued the following order:
“Petitioner’s arguments that his trial counsel was ineffective are procedurally barred under Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure because this issue was raised on direct appeal and because Petitioner failed to preserve this issue with a timely objection at the time of his guilty plea. See Pryor v. State, 599 So.2d 83 (Ala.Cr.App.1992). The record of Petitioner’s guilty plea demonstrates that Petitioner never objected at that time; moreover the record of Petitioner’s guilty plea and the evidence presented at the evidentiary hearing in this case demonstrate that, at the time of the Petitioner’s guilty plea, Petitioner was satisfied with his counsel’s performance and that he was properly advised of his range of punishment and that his plea of guilty was fully voluntary.
“Petitioner also asserted in his Rule 32 petition that his appellate counsel, the Honorable Reid Webster, was ineffective. This court notes that Reid Webster was present during the entire period of Petitioner’s Rule 32 hearing and that Petitioner never called Mr. Webster at this hearing. The court finds that Petitioner failed to meet his burden of proof as to this claim.
“Accordingly it is ORDERED, ADJUDGED and DECREED, that the petition of George Burnett, filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure for relief in the nature of error coram nobis be, and the same is hereby, overruled and denied upon the aforementioned grounds.” C.R. 32-33.
The appellant’s claims are not supported by the record of the guilty plea proceedings. Furthermore, the evidence presented at the evidentiary hearing on his Rule 32 petition, especially the testimony of appellant’s trial counsel, clearly refutes the appellant’s specific claims of counsel’s alleged improper advice and conduct and his failure to investigate and to prepare. If trial counsel was not ineffective, appellate counsel would not be ineffective for failing to raise the issue of trial counsel’s effectiveness in a timely motion for a new trial. Even if counsel’s performance was deficient, the appellant has failed to demonstrate that there exists a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 2064-65, 2068, 80 L.Ed.2d 674 (1984). See Russo v. State, 630 So.2d 142,144 (Ala.Cr.App.1993). “A reasonable probability is a probability sufficient to undermine confidence in the outcome” of the trial. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. Rule 32.3, A.R.Crim.P., provides: “The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.”
At the evidentiary hearing, the appellant claimed that he did not understand the proceedings when he entered his guilty plea *59 because, he says, at the time he “was under a lot of strain distressed alcohol [sic], I am a bad alcoholic. And I — it seemed like I have never been in a situation or never thought something like that would happen.” R. 13-14. However, when questioned by the circuit judge, the appellant admitted that when he pleaded guilty he had “been dry” for “about a year.” R. 22.
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.