ON RETURN TO REMAND
MONTIEL, Judge.
The appellant, Andrew Burt Clark, appeals from the trial court’s denial of his motion to set aside his guilty plea. Clark had pleaded guilty to a charge of burglary in the third degree in violation of § 13A-7-7, Code of Alabama 1975. We remanded this cause to the circuit court to determine whether Clark’s guilty plea was the result of a negotiated plea agreement, and if so, to determine the terms of that agreement. Clark v. State, 655 So.2d 49 (Ala.Crim.App.1994).
On remand, the trial court held a hearing on this issue. The record from that hearing shows that Clark entered his guilty plea pursuant to a negotiated plea agreement in which the prosecution agreed to recommend that Clark be sentenced to three years in prison. The trial court rejected that recommendation and sentenced Clark to eight years in prison.
It is well settled that “ ‘[wjhen the trial judge decides not to carry out an agreement reached between the prosecutor and the defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.’ ” Ex parte Clay, 562 So.2d 1307, 1309 (Ala.1990) (quoting Ex parte Otinger, 493 So.2d 1362, 1364 (Ala.1986)). Because the trial court did not carry out the plea agreement in this case, Clark must be allowed to withdraw his guilty plea. Thus, the trial court erred in denying Clark’s motion to withdraw his guilty plea.
Accordingly, the judgment of the trial court is reversed and this cause is remanded so that Clark can have the opportunity to withdraw his guilty plea.
REVERSED AND REMANDED.
All the Judges concur.