James Edward Bagley, the appellant, pleaded guilty to two counts of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975, and was sentenced to 7 years' imprisonment in each case, the sentences to be served concurrently. The appellant raises two issues on this direct appeal of his convictions.
 I.
The appellant contends that his guilty plea was not voluntarily entered because an Ireland[1] form was not executed and included in the record. He also maintains that his guilty plea was not voluntarily entered because, he says, he was not informed of the nature of the charge and the material elements of the offense.
A deficiency in a guilty plea proceeding must be brought to the attention of the trial court by a timely objection, a motion to withdraw the plea, or a motion for a new trial; otherwise it is waived on appeal. Willis v. State,500 So.2d 1324 (Ala.Cr.App. 1986). The record reflects that the only time the appellant raised the issue of the voluntariness of his guilty plea was at sentencing, when he made an oral motion to withdraw his guilty plea. However, the appellant based that motion solely on the ground that he did not understand what he was doing at the time of the entry of his plea because, he said, when he entered the plea he had "just been hit in the head." R. 16. Thus, the voluntariness grounds presented on appeal are procedurally barred from appellate review. Ayers v.State, 659 So.2d 177, 180 (Ala.Cr.App. 1994) (" 'The statement of specific grounds of objection waives all grounds not specified and the trial court will not be put in error on grounds not assigned at trial.' Ex parte Frith, 526 So.2d 880,882 (Ala. 1987). 'A defendant is bound by the grounds of objection raised at trial and cannot change them on appeal.'Leonard v. State, 551 So.2d 1143, 1151 (Ala.Cr.App. 1989)"). See also Cantu v. State, 660 So.2d 1026, 1027 (Ala. 1994) ("the trial court is given the first opportunity to *Page 264 
review the issue of voluntariness of the guilty plea").
 II.
The appellant contends that he should have been allowed to withdraw his guilty plea because, he says, the trial court failed to sentence him in accordance with the terms of a plea agreement he allegedly entered into with the State. The State, citing Pryor v. State, 599 So.2d 83 (Ala.Cr.App. 1992), argues that this issue is procedurally barred from appellate review because, it says, the appellant failed to move to withdraw the plea on this basis in the trial court. In Pryor, this Court stated:
 "The appellant argues that the trial court erred by failing to find that he was entitled to the enforcement of his plea bargain or, in the alternative, to withdraw his plea. However, the record indicates that the appellant failed to object to the trial court's failure to enforce the plea bargain by failing to move to withdraw his guilty plea, and similarly that he did not preserve any error in the trial court's failure to allow him to withdraw his guilty plea by failing to so move at [the] trial court level. Therefore, this matter is waived."
599 So.2d at 85. However, in this case, the appellant, acting pro se, did file, within 30 days of sentencing, a "Motion For Nun[c] Pro Tunc Order Pursuant To A.R.C[rim].P. Rule 26.12(c)," in which he alleged that he was not sentenced in accordance with an existing plea agreement and stated that he "was told that he would be given probation by his attorney . . ., and the district attorney['s] office . . ., before he pled guilty." C.R. 74. The appellant did not use the precise language in this motion that he wished to "withdraw his guilty plea." While these facts present an admittedly close case, we conclude, based upon the particular facts of this case, that the appellant's motion placed the trial court on notice that he wanted to withdraw his plea because the appellant was objecting to not being sentenced in accordance with the purported plea agreement. See Pitts v. State, 510 So.2d 550, 553
(Ala.Cr.App. 1985). The motion was timely; a motion to withdraw a guilty plea must be filed within 30 days of the pronouncement of sentence. Wilson v. State, 659 So.2d 152 (Ala.Cr.App. 1994).
No written plea agreement is contained in the record. However, during the guilty plea proceeding, on January 26, 1994, the following occurred:
 "THE COURT: Has anyone told you or promised or suggested to you that you will receive a lighter sentence, probation or any other favor to get you to plead guilty?
 "THE DEFENDANT: They offered me probation, sir. I have a pre-probation sentence.
"THE COURT: Sir?
"THE DEFENDANT: They offered me probation.
 "MR. HEDGSPETH [(prosecutor)]: Part of our plea agreement, Your Honor, but not as far as is with regard to any inducement to plead.
 "THE COURT: My question to you, sir, are you pleading guilty of your own —
"THE DEFENDANT: Yes, sir.
 "THE COURT: I understand there's a plea arrangement, and it's my understanding if you have no prior felony convictions you'll receive a seven[-]year sentence and you'll be placed on probation?
"THE DEFENDANT: Yes, sir.
"THE COURT: I understand that?
"THE DEFENDANT: All right."
R. 9-10 (Emphasis added.).
Sentencing was continued to April 13, 1994, and a pre-sentencing report was ordered. C.R. 13-14. On April 13, 1994, sentencing was continued to May 18, 1994. C.R. 15. The appellant failed to appear and was arrested on April 11, 1995. C.R. 16, 25-26. Sentencing finally took place on May 16, 1995. R. 14.
It appears from the record that due to the unusually long period between the guilty plea proceeding and sentencing and the fact that the plea agreement was apparently oral, the prosecutor, defense counsel, and the trial judge may simply have forgotten at the sentencing hearing that the State had agreed to recommend probation as part of the plea *Page 265 
agreement. Moreover, the prosecutor who appeared at sentencing was not the same prosecutor who had appeared at the guilty plea proceeding. The prosecutor made no recommendations at sentencing. After the judge sentenced the appellant, the judge asked him if he had requested probation, the appellant answered affirmatively, and the judge denied the request. R. 27. Defense counsel did not object to the sentence during the hearing. Nothing in the record indicates that the appellant had any prior felony convictions.
"[T]he trial court is not bound to accept an agreement between the defense and prosecution." Ex parte Yarber,437 So.2d 1330, 1336 (Ala. 1983). However, " '[w]hen the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.' " Bland v. State, 565 So.2d 1240, 1243
(Ala.Cr.App. 1990), quoting Ex parte Otinger, 493 So.2d 1362,1364 (Ala. 1986). The threshold question is whether a plea agreement existed, and, if so, what the terms of the agreement were. Ex parte Clay, 562 So.2d 1307, 1309-310 (Ala. 1990). See also Clark v. State, 655 So.2d 49 (Ala.Cr.App. 1994). It is clear from the record that a plea agreement existed in this case. We are unsure, however, if the record reflects all of the terms of the agreement.[2] Therefore, this case is remanded with directions to the trial court to hold an evidentiary hearing to determine what the terms of the agreement were. The trial court is further directed either (1) to sentence the appellant in accordance with the terms of the plea agreement or (2) to allow the appellant to withdraw his guilty plea. A return to remand shall be filed within 63 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court, the findings of the trial court, and a record of the actions taken by the trial court. Bland, supra; Blackwell v. State,556 So.2d 1091 (Ala.Cr.App. 1988). See also Edwards v. State,581 So.2d 1260 (Ala.Cr.App. 1991).
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.*
All Judges concur.
[1] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).
[2] The appellant indicated in his pro se motion that he understood his sentence would be split in each case and he would serve 3 months in jail and the remainder on probation.
* Note from the Reporter of Decisions: On January 19, 1996, the Court of Criminal Appeals, on return to remand, affirmed, without opinion. On March 22, 1996, the court denied rehearing, without opinion. The Supreme Court, on September 6, 1996, quashed the writ of certiorari, no opinion (1951068).