LONG, Presiding Judge.
The appellant, Danny Thomas Chandler, pleaded guilty to trafficking in marijuana, a violation of § 13A-12-231, Ala.Code 1975. He was sentenced to 10 years’ imprisonment.
Chandler contends that the trial court erred in denying his motion to withdraw his guilty plea, in which he argued that the court had failed to sentence him in accordance with the terms of the plea agreement upon which his guilty plea was based.
The record reflects that on May 22, 1998, Chandler appeared in open court and pleaded guilty to trafficking in marijuana. His guilty plea was entered pursuant to a written plea agreement, which provided that, in exchange for his plea, the state would recommend a sentence of 10 years’ imprisonment. The written plea agreement further provided that upon the state’s agreement before sentencing that Chandler had provided law enforcement authorities with “substantial assistance” in making other drug cases, the state would recommend that the trial court waive the mandatory minimum sentence for trafficking set out in § 13A-12-232(a), Ala.Code 1975. Under § 13A-12-232(b), Ala.Code 1975, the mandatory minimum sentence may be “reduced or suspended” for those drug traffickers who provide “substantial assistance” in the apprehension of other drug dealers.
Chandler’s sentencing hearing was continued to June 26, 1998. On that date, the trial court sentenced Chandler to 10 years’ imprisonment. The state made no recommendations at sentencing, and none of the parties referred to the provision of the plea agreement recommending that the mandatory minimum sentence for trafficking be waived. The record is silent as to the reason for the parties’ silence concerning this provision at the sentencing hearing. However, on July 24, 1998, Chandler filed a motion to withdraw his guilty plea, arguing that the trial court had failed to sentence him in accordance with the plea *452 agreement. The trial court denied Chandler’s motion without making written findings.
A defendant has the right to have the trial court consider all the provisions of a plea agreement between the state and the defendant. Ex parte Sides, 501 So.2d 1262, 1264 (Ala.1986). Although the trial court is not bound to accept an agreement between the state and the defendant, when it rejects an agreement, the trial court must allow the defendant the opportunity, upon timely motion, to withdraw his guilty plea. Bagley v. State, 681 So.2d 262, 265 (Ala.Cr.App.1995). See also Rule 14.3(c)(2)(iv), Ala.R.Crim.P.
The state has requested that we remand this cause for the trial court to clarify whether the court rejected that portion of the plea agreement that provided that upon the state’s agreement that Chandler had provided “substantial assistance” in making other drug cases, the state would recommend that the trial court waive the mandatory minimum sentence for trafficking, or whether the trial court, in sentencing Chandler, inadvertently failed to abide by that provision. If the provision was rejected by the trial court, then Chandler should be allowed an opportunity to withdraw his guilty plea. See Bagley, 681 So.2d at 265. If the trial court inadvertently failed to abide by that provision in sentencing Chandler, the court should modify Chandler’s sentence to incorporate the provision. Our holding by no means requires that the trial court waive the mandatory minimum sentence for trafficking if the court finds that Chandler failed to provide “substantial assistance” in making other drug cases. § 13A-12-232(b), Ala.Code 1975. Nor should our holding be construed to place an affirmative duty on the state to make any sentencing recommendation where such “substantial assistance” was not provided. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. In any event, due return should be made to this court v&thin 42 days after the release of this opinion. Return to remand should include the transcript from any further proceedings in addition to orders issued by the trial court.
REMANDED WITH DIRECTIONS. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.