McMILLAN, Judge.
The appellant, Steven Hoyt Dalton, pleaded guilty to driving under the influence of alcohol, made a felony because it was his fourth DUI conviction, see § 32-5A-191(h), Ala.Code 1975. He was sentenced to 10 years’ imprisonment. He appeals.
The appellant argues that the trial court erred by denying his motion to withdraw his guilty plea. He argues that the trial court rejected the plea agreement he had reached with the State and then failed to allow him to withdraw his plea.
The record indicates that on February 22, 1999, the appellant informed the trial court that he wished to enter a guilty plea. The trial court advised the appellant that it was not bound by the terms of the plea agreement that the State had agreed to recommend. Pursuant to that plea agreement, a five-year sentence would be imposed, and the sentence would be split so that the appellant would serve a year and a day with the balance suspended and be placed on three years’ probation. The Court further informed the appellant that the range of punishment for a Class C felony was from one year and a day to no more than 10 years, and that he was entitled to a jury trial upon entering a plea of not guilty. The appellant acknowledged that he had signed the explanation of rights and plea of guilty form and that he understood all of his rights as set out in the form and explained to him by the trial court. He also acknowledged that no one had promised him anything or had threatened or had coerced him to get him to plead guilty. The appellant then admitted that the offense was a fourth offense for driving under the influence. When he was stopped for the offense, his blood-alcohol content was .19. He admitted that he had had three prior DUI convictions. The trial court accepted the guilty plea and continued the case for presentence investigation. On April 16, 1999, a sentencing hearing was held, and the appellant was sentenced to 10 years’ imprisonment. On May 3, 1999, the appellant filed a motion to withdraw his guilty plea because the trial court did not sentence him according to the plea agreement. The trial court denied the motion; this appeal follows.
In Bagley v. State, 681 So.2d 262, 265 (Ala.Cr.App.1995), this Court stated:
“ ![T]he trial court is not bound to accept an agreement between the defense and prosecution.’ Ex parte Yarber, 437 So.2d 1330, 1336 (Ala.1983). However, ‘ “[w]hen the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.” ’ Bland v. State, 565 So.2d 1240,1243 (Ala.Cr.App.1990), quoting Ex parte Otinger, 493 So.2d 1362, 1364 (Ala.1986). The threshold question is whether a plea agreement existed, and, if so, what the terms of the agreement were. Ex parte Clay, 562 So.2d 1307, 1309-310 (Ala.1990). See also Clark v. State, 655 So.2d 49 (Ala.Cr.App.1994).”
An examination of the record reveals the existence of a plea agreement between the State and the appellant. The record does not reveal, however, that the appellant, after filing a timely motion, was afforded an opportunity to withdraw his guilty plea after the trial court rejected the plea agreement and sentenced him to 10 years’ imprisonment. See Rule 14.3(c)(2)(iv), Ala. R.Crim.P. (when a trial court rejects a plea agreement it should so inform the parties and afford the defendant the opportunity to withdraw the defendant’s offer to plead guilty).
*652 This cause is therefore remanded to the trial court to allow the appellant an opportunity to withdraw his guilty plea. Because we must remand this cause to the trial court, we pretermit any discussion of the remaining issues raised by the appellant on appeal. Due return shall be made to this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.