COBB, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the denial of Horace Browning’s Rule 32, Ala. R.Crim. P., petition in its unpublished memorandum.
On December 13, 2001, Browning was convicted of second-degree assault and was sentenced to 20 years in prison. We affirmed his conviction and sentence on direct appeal by unpublished memorandum. Browning v. State (No. CR-01-0627, June 21, 2002), 860 So.2d 917 (Ala.Crim.App. 2002) (table). The certificate of judgment was issued on July 9, 2002.
On October 25, 2002, Browning filed a Rule 32, Ala. R.Crim. P., petition. After the State had responded, the circuit court summarily denied the petition on January 10, 2003.
In his petition, Browning claimed that he did not fully understand the consequences of his guilty plea because trial counsel was ineffective in failing to object to the trial court’s failure to follow the procedural requirements for accepting a guilty plea, specifically Rule 14.4(a)(l)(iii) and (iv), Ala. R.Crim. P.;[1] that trial coun *888 sel was deficient for advising Browning to plead guilty when Browning was maintaining that he was innocent; and that appellate counsel’s conduct was deficient for presenting issues on appeal that had not been preserved for appellate review instead of addressing trial counsel’s failure to preserve these issues.
On appeal, Browning claims that the circuit court abused its discretion by dismissing his Rule 32 petition without a hearing.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).
I would reverse the trial court’s judgment and remand this case based on Browning’s claims that his guilty plea was involuntarily entered and that his trial counsel failed to properly object to the involuntariness; I would pretermit discussion of his other claims.
As for Browning’s ineffective-assistanee-of-trial-counsel argument regarding the voluntariness of his plea, although he stated that his issue was with the trial court’s failure to abide by Rule 14.4(a) (1) (iii) and (iv), his argument does not address this rule, but rather centers on the trial court’s failure to split his sentence as, he says, he had expected it would do based on his agreement with the State and on his counsel’s failure to object to the lack of a split sentence. Therefore, I would address trial counsel’s alleged deficient conduct in terms of the voluntariness of Browning’s plea and the trial court’s sentencing of Browning.
“[T]o prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged test set out by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
“ ‘First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings, it cannot be said that the conviction or ... sentence resulted from a breakdown in the adversary process that renders the result unreliable.’
“Id. at 687, 104 S.Ct. at 2064.
“ ‘The performance component outlined in Strickland is an objective one: that is, whether counsel’s assistance, judged under “prevailing professional norms,” was “reasonable considering all the circumstances.” ’ Daniels v. State, 650 So .2d 544, 552 (Ala.Cr.App.1994) (quoting Strickland, 466 U.S. at 688, 104 S.Ct. at 2065). Once a defendant has identified the specific acts or omissions that allegedly were not the result of reasonable professional judgment on counsel’s part, the court must determine whether those acts or omissions fall outside the wide range of professionally competent assistance. Id.
“When reviewing a claim of ineffective assistance of counsel, we indulge a strong presumption that counsel’s conduct was appropriate and reasonable. Hallford v. State, 629 So.2d 6 (Ala.Cr.App.1992), cert. denied, 511 U.S. 1100, 114 S.Ct. 1870, 128 L.Ed.2d 491 (1994); Luke v. State, 484 So.2d 531 (Ala.Cr.App.1985).
“ ‘Judicial scrutiny of counsel’s performance must be highly deferential. *889 It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action “might be considered sound trial strategy.” There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.’
“Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted). See Ex parte Lawley, 512 So.2d 1870, 1372 (Ala.1987).
“And, even if an attorney’s performance is determined to be deficient, the petitioner is not entitled to relief unless it is also established that ‘there is a reasonable probability that, but for counsel’s unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
“In an ineffective assistance of counsel claim, the burden is on the claimant to show that his counsel’s assistance was ineffective. Ex parte Baldwin, 456 So.2d 129 (Ala.1984), aff'd, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985).”
McNair v. State, 706 So.2d 828, 839 (Ala.Crim.App.1997).
Although the State maintained in its motion to dismiss the petition that “[t]here was no agreement as to a split sentence or probation” (C. 26), as this Court noted in its unpublished memorandum on direct appeal, the record indicated that,
“[i]n his ‘Motion to Allow Plea of Guilty Pursuant to Agreement,’ Browning agreed to enter a plea of guilty to the charge of assault in the second degree and he stipulated to ‘having at least 3 prior adult felony convictions which are valid convictions for enhancements purposes’ under the Habitual Felony Offender Act. (C. 12.) The State agreed to recommend a sentence of 20 years’ imprisonment to be served concurrently with the time currently being served, with the understanding that Browning would apply for a suspended sentence and/or probation and/or a split sentence. [(C. 12.)] During the guilty-plea proceeding,-the trial court stated that it was not bound by the State’s sentencing recommendation. At the sentencing hearing, the trial court advised Browning that he had ‘just talked [him]self right out of a split sentence’ with his ‘excuses’ and ‘blaming everything on everybody else.’ (R. 22-23.)”
Additionally, it is clear from the sentencing proceedings that the trial judge originally planned to split Browning’s sentence. During the sentencing proceedings, Browning asked to address the trial court. He discussed with the trial court the fact that he had been under psychiatric care, that he was taking a new medication, and *890 that he felt “steady.” (A.R. 22.)[2] Subsequently, as the trial court questioned him about a sentence he was currently serving, the following exchange occurred:
“THE COURT: Having accepted your plea of guilt, the court adjudicates you guilty of assault in the second degree.
“Do you have anything else to say as to why the sentence of the law should not be imposed on you?
“THE DEFENDANT: You know[,] I wasted most of my life probably because of [a] chemical imbalance in my brain.
“THE COURT: Horace, now you keep talking and I’m fixin[g] to undo what I was going to do. I’m tired of you coming in here blaming everything on everybody else for 20 years. Okay?
“THE DEFENDANT: Okay.
“THE COURT: You just keep going. Okay? Go ahead. Talk some more.
“THE DEFENDANT: No, sir.
“THE COURT: No, I haven’t got a problem with it. Keep going.
“THE DEFENDANT: No, sir.
“THE COURT: You just talked yourself right out of a split sentence, you know that.
“THE DEFENDANT: I’m sorry.
“THE COURT: Some folks don’t know when to shut up, you know that. You just keep on with your excuses. You haven’t owned up to [the fact that] it is your problem yet.
“THE DEFENDANT: Yes, sir.
“THE COURT: And you never have. That’s fine. I mean it is a whole lot easier on me to do it this way.
“THE DEFENDANT: Please.
“THE COURT: No. You just talked yourself right out of what I was going to do. Fine.
“Pursuant to your plea agreement with three prior felony convictions, the court sentences you to serve 20 years in the penitentiary. You get credit for time served....
‘You got any questions?
“(No response.)
“THE COURT: You have a right to an appeal
“THE DEFENDANT: I want to appeal my case.
“THE COURT: Well, go for it. File a notice. If you would have admitted some responsibility[3] you would be out.”
(A.R. 22-24.)
Thus, I believe that the record indicates that there was a negotiated agreement pursuant to which Browning would receive a split sentence, and that his decision to plead guilty was based on his well-founded impression that he would receive a split sentence.
In a postjudgment motion, filed on January 4, 2002, and styled as a “Motion of Reconsideration of Imposed Sentence,” Browning stated, “The only reason I agreed to plead guilty was because my lawyer told me that all the [district attorney] wanted was a conviction and I would receive a split sentence.” (A.C. 32.)[4] Thus, Browning timely complained to the *891 trial court that he had pleaded guilty only because trial counsel had assured him he would receive a split sentence, and he asked the trial court to reconsider the sentence imposed on him.
“ ‘When the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on .motion promptly made.’ Ex parte Otinger, 493 So.2d 1362, 1364 (Ala.1986). See also Bland v. State, 565 So.2d 1240 (Ala.Crim.App.1990).”
Edivards v. State, 586 So.2d 1008, 1009 (Ala.Crim.App.1991).[5]
Because the record on direct appeal reflects that Browning’s understanding of the negotiated plea agreement was that he would be given a split sentence, and that agreement was not upheld by the trial court, I believe Browning should have been allowed to withdraw his guilty plea, had trial counsel so moved. However, because trial counsel did not file a motion to withdraw Browning’s guilty plea, such a withdrawal was not considered. Therefore, trial counsel’s conduct was deficient, and that deficiency prejudiced Browning in that he was not allowed to withdraw his guilty plea, a withdrawal to which he was clearly entitled as a matter of law.
I believe that the judgment of the circuit court should be reversed and this case remanded for the circuit court to allow Browning to withdraw his guilty plea. Therefore, I must dissent.

. Rule 14.4(a)(l)(iii) and (iv) state that the trial court must inform the defendant of the following:
"(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
“(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty.''

. "A.R.” indicates a citation to the trial transcript from the direct appeal, and “A.C.” indicates a citation to the clerk's record from the direct appeal.

. It is worth mentioning that, during the guilty plea colloquy, Browning admitted that when a police officer tried to handcuff him, the officer locked the handcuffs too tightly on Browning, and, with the officer’s fingers caught in the handcuffs, Browning "jerked away” from the officer. The officer’s fingers were injured. (A.R. 16.)

.Browning did not ask that the trial court allow him to withdraw his guilty plea.

. The current state of the law also allows a petitioner to complain about the voluntariness of his guilty plea for the first time in a Rule 32 petition. See Cantu v. State, 660 So.2d 1026 (Ala.1995).