BURKE, Judge,
dissenting.
I respectfully dissent. James E. Bagley appeals the Etowah Circuit Court’s summary denial of his pro se petition for post-conviction relief. The petition was filed as a civil action arid styled as a “petition [for] writ habeas corpus ad testificandum.” The arguments in the petition are very difficult to discern. The petition appears to challenge Bagley’s 1995 guilty-plea convictions for two counts of first-degree theft of property, violations of § 13A-8-3, Ala. Code 1975, and his resulting sentences of seven years in prison, to be served concurrently.
On direct appeal, after initially, remanding the case for the trial court to determine the specific terms of the guilty-plea agreement, this Court affirmed Bagley’s convictions and sentences on January 19, 1996. See Bagley v. State, 681 So.2d 262 (Ala.Crim.App.1995). The Alabama Supreme Court denied certiorari review, and the certificate of judgment was.issued on September 6,1996.
The instant petition was filed in 2014. In this petition, as best I can discern, Bagley made the following allegations: (1) “Petitioner is being unlawfully restrained against" his liberty that is granted to him by the Eighth Amendment of the United States Constitution about false imprison”; (2) “petitioner is being unlawfully restrained against his Eighth Amendment right to excessive bail”; (3) “the jury in my trial was 10 whites and to (2) black[, which is a] violation under the Boston [sic] v. Kentucky”-, (4) “the fact relief upon were not known by the petitioner or the petitioner’s counsel at the time of trial or sentencing or in time'to file á post-trial motion pursuant to Rule 24, or in any previous collateral proceeding and could not have been discovered by any of those time through the exercise of reasonable diligence”; (5) “the facts establish that the petitioner is innocent of the crime for which the petitioner was convicted or should not have received the sentence that petitioner received”;' (6) “I have no copy with me in' the Etowah County Jail been héld without' rio bond or no court date for the Alabama Department of Corrections”; (7) “the court was without jurisdiction to render judgment or to impose sentence”; (8) “newly discovered from Alabama criminal appeal exist Which require that 'the convictiori or sentence bé vacated the sentence court”; and (9) “my civil right been violation the individual right of personal liberty guaranteed by the Bill of Right and the 13th, 15th, .and,. 19th Amendment as well by legislation such as the voting right *492 act ciyil right include esp the right to vote, the right of due-process and the right of equal .protection under the law.” (C. 10-23.)
Without waiting for a response from the State, the circuit court summarily denied Bagley’s petition on November 3, 2014. The circuit court stated: “James E. Bag-ley’s petition for writ of habeas corpus ad testificandum is hereby denied.” ' (C. 35.)
Bagley did not. file the standard Rule 32 form, .and, as noted earlier, his petition was filed as a civil action and styled as a “petition [for] writ habeas corpus ad testi-ficandum.” However, “ ‘[t]he substance of a motion and not its style determines what kind of motion it is.’ ” Ex parte Deramus, 882 So.2d 875, 876 (Ala.2002) (quoting Evans v. Waddell, 689 So.2d 28, 26 (Ala. 1997)). Here, Bagley filed the petition in the court in which he was convicted of two counts of first-degree theft of property in 1995. Further, the petition appears to challenge those two convictions and to state grounds that are recognized under Rule 32, Ala. R.Crim. P. Therefore, Bag-ley’s petition shoüld be treated as a Rule 32, Ala. R.Crim. P., petition for postconviction relief. It appears that the instant petition is Bagley’s sixth Rule 32 petition.
Upon consideration of the above, I would direct the circuit court to set aside its earlier ruling denying the petition for a writ of habeas corpus and to treat the petition as a petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. I further note that it would be within the circuit court’s discretion to require Bagley to refile his petition on the form provided in the appendix to Rule 32, Ala. R.Crim. P., provided that the circuit court allow Bagley a reasonable time to refile a properly verified Rule 32, Ala. R.Crim.- P., petition on the proper form. Furthermore, if the circuit court • found that Bagley is continually. filing petitions for postconviction relief in which his claims are precluded or completely without merit, the court could consider adopting sanctions against Bagley. As Judge Kellum has stated: . . .
“I believe that allowing [the petitioner] to file multiple petitions for postcon-viction relief in which his claims are either precluded or without merit wastes scarce judicial resources. Therefore, I would encourage the circuit court to consider adopting sanctions like those proposed in Peoples v. State, 531 So.2d 323 (Ala.Crim.App.1988), and Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986), to prevent future frivolous litigation on the part of [the petitioner] and other similarly situated inmates. See Ex parte Thompson, 38 So.3d 119 (Ala. Crim.App.2009).”
Bennett v. State, 77 So.3d 174, 174 (Ala. Crim.App.2011) (Kellum, J., concurring specially).
Although there is no evidence in the record indicating that the circuit court treated Bagley’s petition as a Rule 32 petition, the majority’s opinion concludes,,-with a great deal of certainty, that the circuit court treated Bagley’s petition as a Rule 32 petition. The majority reaches this conclusion by pointing out that, other than the fact that the circuit court’s typewritten order[2] explicitly stated that it was denying a petition for a writ of habeas corpus and the fact that the petition was docketed and treated as a civil action, “nothing else in the record affirmatively indicates that the circuit court did not properly treat Bag-ley’s petition as a Rule 32 petition.” In *493 other words, there are at least two facts in the record indicating that the circuit court did not treat Bagley’s petition as a Rule 32 petition and there are zero facts in the record indicating that the circuit, court treated Bagley’s petition as a Rule 32 petition. Nevertheless, according to the majority, this Court should assume that the circuit court treated Bagley’s petition as a Rule 32 petition. I do not 'understand the majority’s haste to dismiss Bagley’s petition before we know whether the petition was properly reviewed by the circuit court As an appellate court, this Court should not be in a headlong rush to dismiss a petitioner’s claims before we know whether they have been properly reviewed.
Based on the foregoing, I would simply remand the case to the circuit court for that court to set aside its order denying the petition for a writ of habeas corpus and for that court to treat Bagley’s petition as a petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P.

. The majority opinion refers to the circuit court’s order as “a commonly used standardized fill-in-the-blank form.” However, the only blank on the order is where the circuit judge electronically signed his name. (C. 35.)